**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 15-1026

———————

KARMA TSERING
a/k/a Karma Chhiring Gurung,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

———————

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. BIA-1: A200-745-202)
Immigration Judge:  Annie S. Garcy

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 15, 2015

Before:  FISHER, CHAGARES and JORDAN, *Circuit Judges*.

(Opinion Filed:  October 1, 2015)

———————

OPINION*

———————

———————

   * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

Karma Tsering petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of an order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons that follow, we will dismiss the petition in part and deny it in part.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Tsering entered the United States in November 2007 on a nonimmigrant temporary worker visa, but he remained longer than permitted. In November 2008, Tsering attempted to file an application for asylum. This application was returned to him, and he did not refile it until June 2010. In November, the Department of Homeland Security issued him a notice to appear, charging him as removable for having remained in the United States longer than permitted by his visa. At his initial hearing in January 2011, Tsering, represented by counsel, conceded his removability but sought asylum, withholding of removal, and protection under the Convention Against Torture. The immigration judge set a hearing on the merits for September 2012.

Right before and at the merits hearing, Tsering moved for a continuance. Tsering claimed his lead counsel had an unavoidable conflict. In addition, Tsering argued that a

continuance would allow a psychological report to become available and for a newly found witness to attend the hearing. The immigration judge denied the motion and proceeded with the hearing.

Tsering testified that he was born in Tibet but was taken to Nepal when he was five years old. He carries a Nepalese passport and traveled between Nepal and India without incident. He testified that he is Buddhist and a loyal supporter of the Dalai Lama. He said that in March 2007 he participated in a demonstration in support of the Dalai Lama and Tibetan autonomy. He said he was arrested and beaten by police. After being held overnight, he was released without being charged, and his injuries healed in a few days. A week later, he testified, police officers went to his home, demanded money, which Tsering paid, and threatened to deport him to Tibet. He said that because he feared the police would continue to demand money from him, he decided to come to the United States. He said that he understood from his family and friends that the police have returned to look for him. He said that he fears if he returns to Nepal he will be arrested and deported to Tibet, where he will be harmed by the Chinese authorities for his loyalty to the Dalai Lama. Tsering's counsel submitted additional evidence at the hearing, but the immigration judge refused to consider it because it was untimely filed.

The immigration judge denied Tsering's applications for asylum, withholding of removal, and protection under the Convention Against Torture. The immigration judge found that Tsering was incredible and failed to corroborate his testimony for the most part. The immigration judge held that Tsering's asylum petition was untimely because it

was filed more than one year after he entered the United States and he failed to show extraordinary circumstances that prevented him from filing it on time. The immigration judge also found that Tsering did not demonstrate that he had experienced past persecution or that he would be persecuted or tortured if returned to Tibet or Nepal. The immigration judge ordered that he be returned to Nepal.

Tsering appealed to the BIA. The BIA agreed with the immigration judge that Tsering's asylum application was untimely. The BIA affirmed the immigration judge's finding that Tsering failed to meet his burden of showing he faced or will face persecution or torture in Nepal or Tibet. The BIA also held that the immigration judge did not abuse its discretion in denying Tsering's requests for a continuance. This timely petition for review followed.

## II.

The immigration judge had jurisdiction over Tsering's removal proceeding under 8 U.S.C. § 1229a. The BIA had jurisdiction under 8 U.S.C. § 1103(g)(2) and 8 C.F.R. § 1003.1(b)(3). We have appellate jurisdiction over the BIA's final order of removal under 8 U.S.C. § 1252(a). "We review the BIA's legal determinations de novo, subject to the principles of deference articulated in *Chevron v. Natural Resources Defense Council*, 467 U.S. 837, 844 (1984)."[1] Factual findings are reviewed for substantial evidence.[2]

---

[1] *Catwell v. Att'y Gen.*, 623 F.3d 199, 205 (3d Cir. 2010).
[2] *Id.*

4

III.

A.

Tsering says that the BIA erred in finding that his asylum application was not timely filed. An application must be filed within one year after arriving in the United States.[3] An applicant may, however, file an application after the one-year limit if he demonstrates "extraordinary circumstances relating to the delay"[4] and files the application "within a reasonable period given those circumstances."[5] We lack jurisdiction to review factual findings or discretionary decisions connected to the BIA's finding of untimeliness.[6]

Tsering argues that whether he established extraordinary circumstances justifying an exception to the one-year limit on asylum applications and whether he filed his application within a reasonable period given those circumstances are questions of law over which we do have jurisdiction. However, we have stated that we lack jurisdiction "to review a decision regarding whether an alien established changed or extraordinary circumstances that would excuse his untimely filing."[7] The BIA affirmed the immigration judge's finding of untimeliness "because he filed his application more than 1 year after arriving in the United States and did not establish 'changed circumstances' or 'extraordinary circumstances' so as to be excused from the generally applicable filing

---

[3] 8 U.S.C. § 1158(a)(2)(B).
[4] *Id.* § 1158(a)(2)(D).
[5] 8 C.F.R. § 1208.4(a)(5).
[6] *Sukwanputra v. Gonzalez*, 434 F.3d 627, 635 (3d Cir. 2006).
[7] *Id.*

deadline."[8] Accordingly, we lack jurisdiction to review the BIA's decision on Tsering's asylum application and must dismiss this part of his petition.

B.

Tsering next argues that the BIA improperly affirmed the immigration judge's denial of his applications for withholding of removal and protection under the Convention Against Torture. To be entitled to withholding of removal, an applicant must establish that it is more likely than not that his or her life or freedom will be threatened on account of a protected ground.[9] An applicant can establish a presumption of a future threat to life or freedom by proving past instances of persecution.[10] To be entitled to protection under the Convention Against Torture, an applicant must establish that it is more likely than not that he or she will be tortured if returned to the proposed country of removal.[11] The BIA affirmed the immigration judge's findings that Tsering failed to establish past instances of persecution and failed to establish a future threat to life or freedom or of torture.

Substantial evidence supports the factual findings of the immigration judge, and the BIA's legal conclusions are correct. The only incident that could be described as a past instance of persecution was Tsering's arrest and beating in March 2007 and the police's subsequent visit to his house. Although Tsering was injured, we agree that the

---

[8] J.A. 4.
[9] 8 C.F.R. § 1208.16(b).
[10] *Id.* § 1208.16(b)(1).
[11] *Id.* § 1208.16(c)(2).

6

actions of the police did not meet the legal definition of persecution.[12] Tsering's claim of a future threat to life or freedom or of torture was based on his stated fear that Nepal would return him to Tibet, where he would be tortured by Chinese authorities. However, Tsering lived for a long time in Nepal without incident and bears a Nepalese passport. Under our standard of review, this is sufficient evidence to support the BIA's conclusion that he was not entitled to withholding of removal or protection under the Convention Against Torture.

## C.

Tsering's final argument is that he was denied due process when the immigration judge denied his requests for a continuance.[13] The continuance would have allowed for Tsering's lead counsel and an allegedly newly discovered witness to attend the hearing and for a psychological assessment to be completed. The immigration judge denied the motions because they were filed either at or shortly before the hearing, despite more than eighteen months of notice of the hearing date. Counsel's scheduling of a conflicting

---

[12] *See Ahmed v. Ashcroft*, 341 F.3d 214, 217 (3d Cir. 2003) ("[P]ersecution connotes extreme behavior, including threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom. This definition does not include all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." (internal quotation marks and citation omitted)).

[13] Tsering presented this claim to the BIA as arguing that the immigration judge abused its discretion in denying the motions. However, this was sufficient to exhaust his due process claim. *See Khan v. Att'y Gen.*, 448 F.3d 226, 236 n.8 (3d Cir. 2006).

appointment and delay in seeking and filing evidence does not mean that the lack of a continuance denied Tsering due process.[14] We therefore conclude that this claim fails.

IV.

For the reasons above, we will dismiss Tsering's petition for review in part and deny it in part.

---

[14] *See Romanishyn v. Att'y Gen.*, 455 F.3d 175, 185 (3d Cir. 2006) ("Due process in this context requires that an alien be provided with a full and fair hearing and *a reasonable opportunity* to present evidence." (emphasis added)).